# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JULIUS WORTHY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:12CV353 CEJ |
| | ) |
| DERRIS BOYD, et al., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 174015), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $22.45. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $112.25, and an average monthly balance of $16.85. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $22.45, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1], alleging violations of his civil rights. Named as defendants are: Derris Boyd (Probation Officer); Geralyn Ruess (Public Defender); Sarah Schweitzer (Public Defender); Jennifer Szczucinski (Asst. Circuit Attorney); and John Does 1-3 (Public Defenders).

Plaintiff alleges that in November of 2001 he entered a guilty plea to two charges of assault in the third degree and he was subsequently placed on two years "unsupervised" probation. Plaintiff alleges that on August 1, 2005 he was directed by his parole officer, defendant Boyd, to submit a DNA sample, pursuant to Mo.Rev.Stat. § 650.055. Plaintiff claims that when he questioned the need for the DNA sample he was told by defendant Boyd that everyone in the Missouri correctional system had to submit a sample for inclusion in the Missouri State Highway Patrol's database. Plaintiff claims that the taking of his DNA was an unlawful seizure because he was not in custody for an offense for which Missouri statutes require that a DNA sample be taken.

---

[1]Plaintiff states that he is also bringing claims pursuant to 42 U.S.C. § 1981, 1982 & 1985(3) & "related statutes governing conspiracy by state officials acting under color of state authority to deprive plaintiff of his civil rights as outlined herein."

Plaintiff claims that he was told that the Missouri DNA Database linked his DNA to seminal fluid on file from a1996 crime. As a result, plaintiff was charged with forcible rape and robbery, crimes that occurred in January 1996.[2] On January 12, 2010, plaintiff entered a plea of guilty to both charges and was sentenced to consecutive ten-year terms of imprisonment.

Plaintiff asserts that his attorneys, defendants Ruess and Schweitzer, acted in concert with the prosecutor, defendant Szczucinski, to cajole him into pleading guilty to the charges. Plaintiff alleges that the his counsel acted "in unison with other state officials to prevent [plaintiff] from mustering, preserving, and presenting his defense in a criminal case in St. Louis City." Plaintiff alleges that defendant Szczucinski "masterminded the conspiracy" and also falsely "manufactured evidence" by adding on a gun charge in order to extend the statute of limitations on the rape crime.

Plaintiff seeks compensatory and punitive damages.

**Discussion**

Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Kansas Pub. Emp. Retirement Sys. v. Reimer & Kroger Assocs., Inc., 61 F.3d 608, 611 (8th Cir. 1995) (in federal question case, where there

---

[2] See State of Missouri v. Worthy, No. 0822-CR07281-01.

is no federal statute of limitations, the federal court will borrow the forum state limitations laws, if not inconsistent with federal law or policy); Mo. Rev. Stat. § 516.120(4).

Although courts may have to look to state law to determine the applicable limitations period, federal law governs when a cause of action under a federal statute accrues. See, e.g., Wallace v. Kato, 549 U.S. 384, 387-89 (2007); Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (accrual of civil rights action governed by federal law); K.E.S. v. United States, 38 F.3d 1027, 1029 (8th Cir. 1994) (accrual under Federal Tort Claims Act is a question of federal law); Day v. Moscow, 955 F.2d 807, 813 (2d Cir. 1992) (accrual of § 1983 claim is a matter of federal law).

> "Under the traditional rules of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

Wallace, 549 U.S. at 391 (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991).

In Wallace, the Supreme Court held that the statute of limitations on a § 1983 claim seeking damages for false arrest, under the Fourth Amendment, began to run at

the time the claimant became detained pursuant to the legal process. Wallace, 549 U.S. at 395-96. Although Wallace only directly addressed the accrual of false arrest claims, its reasoning seems equally applicable to other Fourth Amendment claims, such as the one for seizure currently before the Court. See, e.g., Hilton v. Whitman, 2008 WL 5272190, *8 (D.N.J. December 16, 2008) (finding that the statute of limitations began at the time the claimant was arrested because he should have known at that time that he had a cause of action for false arrest, false imprisonment, illegal search and seizure and excessive force at that point).

The "seizure" of plaintiff's DNA occurred in August 2005.³ Plaintiff alleges that when he was told to submit the DNA sample he questioned the requirement and complained to his probation officer, defendant Boyd. Thus, it was at that point that plaintiff knew, or should have known, that he had a cause of action for unlawful seizure. This is so even though plaintiff may not have known the full extent of his

---

³Although plaintiff asserts that his DNA was unlawfully "seized," the statute under which plaintiff's DNA was taken allows for biological samples to be taken following convictions of or pleas of guilty to any felony or any sexual offense, and also (for persons over seventeen) following arrest for murder and assault offenses, sexual offenses, child abuse and endangerment offenses, and burglary. Mo.Rev.Stat. § 650.055 et seq. Plaintiff acknowledges in his complaint that in November of 2001 he entered a guilty plea to two charges of assault in the third degree. Thus, it appears that plaintiff was required under § 650.055 to submit the DNA sample at question in the instant case. See also, Clevenger v. Gartner, 392 F.3d 977 (8th Cir. 2004) (discussing the changes in the DNA profiling system).

injury or that defendant Boyd's actions were wrongful. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3rd Cir. 1994) "A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury . . . not upon awareness that this injury constitutes a legal wrong."); see also, Johnson v. Johnson County Comm'n Bd., 925 1299, 1301 (10th Cir. 1991) (claims arising out of police action, such as search and seizure, are presumed to have accrued when actions actually occurred). As such, plaintiff's claim of unlawful seizure is barred by the five-year statute of limitations and subject to dismissal under 28 U.S.C. § 1915. See, e.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run.").

Plaintiff has also failed to state a conspiracy claim against defendants. In order to establish a civil rights conspiracy under 42 U.S.C. § 1985(3), the plaintiff must prove: (1) the defendants conspired, (2) with the intent to deprive him, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) that he was injured or deprived of exercising any right or privilege of a citizen of the United States. See Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir.1996). A claim under section 1985(3)

requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). The statutory requirement of intent to deprive of equal protection or equal privileges has been interpreted to mean "that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. [*quoting* Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)].

Plaintiff's conclusory allegations are insufficient to support a conspiracy claim. See Nelson v. City of McGehee, 876 F.2d 56, 59 (8th Cir. 1989) (allegations of conspiracy must be pleaded with sufficient specificity and factual support to suggest defendants had meeting of minds directed toward unconstitutional action). Moreover, his complaint does not assert the required elements for a claim under § 1985(3) because it does not include any allegation that a racial or class-based discriminatory animus lay behind the alleged conspiracy. And, plaintiff's addition of the prosecutor and five public defenders in the so-called conspiracy against him, through both trial, appellate and post-conviction appeals processes undermines his conspiracy theory. See, e.g., Stone v. Baum, 409 F.Supp.2d 1164, 1176 (D.Ariz.2005) (stating that adding judges, prosecutors, and FBI as co-conspirator for failing to investigate at the plaintiffs' request "creates a snowballing effect which ironically threatens to destroy

the conspiracy claim by raising questions of factual frivolousness, which exists when the facts alleged rise to the level of the irrational, fanciful, fantastic, delusional, or wholly incredible"). See also, Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (finding prosecutors absolutely immune from § 1983 liability when "the prosecutor is acting as advocate for the state in a criminal prosecution"); Polk County v. Dodson, 454 U.S. 312, 325 (1981) (finding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $22.45 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An order of dismissal will be filed separately.

Dated this 30th day of May, 2012.

                                                  _____
                                                  CAROL E. JACKSON
                                                  UNITED STATES DISTRICT JUDGE